IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                    Plaintiff,                    ORDER

          v.                    00-CR-86-C-01

JAMES E. NAIN,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of James E. Nain's supervised release was held on February 26, 2010, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney John W. Vaudreuil. Defendant was present in person and by counsel, Erika K. Bierma. Also present was United States Probation Officer Michael J. Nolan.

      From the record and the parties' stipulation, I make the following findings of fact.

FACTS

      Defendant was sentenced in the Western District of Wisconsin on February 2, 2001, following his conviction for use of a minor to produce a pornographic depiction transported in interstate commerce, in violation of 18 U.S.C. § 2251(a). This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 121 months, with a 36-month term of supervised release to follow.

On July 15, 2009, defendant began his term of supervised release. On July 22, 2009, defendant's supervised release was modified to include the use of electronic monitoring in the form of a Global Positioning System to provide a greater degree of accountability of defendant. On November 10, 2009, defendant's term of supervised release was modified to include an extended stay of up to 120 days at a residential re-entry center to assist in his supervision and reintegration.

On January 19, 2010, defendant violated Special Condition No. 5, prohibiting him from owning, possessing or operating a personal computer system or device allowing access to the internet without written approval of the supervising U.S. probation officer when he was found to be in possession of a cell phone that allowed access to the internet and he did not have the permission of his U.S. probation officer to possess the phone. On February 5, 2010, defendant violated Special Condition No. 11, requiring his placement for up to 120 days in a residential re-entry center, when he was terminated from programing at Rock Valley Community Programs without finishing it successfully.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke, extend the term or modify the conditions of supervised release upon a finding of a Grade C violation.

CONCLUSIONS

Defendant's violations warrant revocation. Defendant's criminal history category is I. With a Grade C violation, defendant has an advisory guideline term of imprisonment of

3 to 9 months. Under 18 U.S.C. § 3583(e)(3), the statutory maximum sentence of imprisonment upon revocation is not more than two years because his most recent offense is a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence in the middle of the guideline range.  This sentence is intended to hold defendant accountable for his violations, reflect the seriousness of those violations and to protect the community from further criminal behavior by defendant.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on February 2, 2001, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of three months with a 24-month term of supervised release to follow. All standard and special conditions previously imposed are reinstated with the exception of Special Condition No. 11, which will be modified to allow a 60-day placement at a residential re-entry center to begin upon the commencement of defendant's term of supervised release.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 12th day of March, 2010.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> Chief District Judge